UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KEVIN M. KEAY,

       Plaintiff,

   v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

Civil No. 07-1571-HA

ORDER

HAGGERTY, District Judge:

     Plaintiff was ordered to show cause in writing no later than February 24, 2009, why this action should not be dismissed due to his failure to prosecute. Plaintiff was also ordered to include a response to defendant's motion to dismiss for lack of jurisdiction by that date. Plaintiff's overdue brief was required to be filed in accordance the requirements of this court's

**ORDER -- 1**

Local Rules and the Federal Rules of Civil Procedure.

The parties were also advised that if a responsive brief were filed in a timely manner, defendant's Motion to Dismiss [29] would be taken under advisement. Plaintiff filed a responsive brief that this court construes as timely. For the following reasons, defendant's Motion to Dismiss for Lack of Jurisdiction [29] is GRANTED.

In plaintiff's Show Cause briefing, he asserts that the Social Security Administration conducted a hearing on his behalf on January 20, 2009, and at this hearing improperly rejected the admission of relevant evidence and directed plaintiff to inconvenient venues for medical examinations. As defendant explained in its Motion to Dismiss, judicial review is only authorized for a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g):

> The Ninth Circuit has stated that § 405(g) requires a claimant "to obtain final judgment from the [Commissioner] before seeking judicial review." *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993). Further, "[a] final decision consists of two elements: (1) the presentment of the claim to the Commissioner, and (2) complete exhaustion of administrative remedies." *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003), citing *Johnson*, 2 F.3d at 921. As the Supreme Court has recognized, "[t]his provision clearly limits judicial review to a particular type of agency action." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). The term "final decision" is undefined in the Act, and "its meaning is left to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 767 (1975). An ALJ decision after a hearing, as opposed to a dismissal, is the final decision of the Commissioner. 20 C.F.R. § 422.210(a) ("A claimant may obtain judicial review of a decision by an administrative law judge . . . ."); *see also Batson v. Commissioner of SSA*, 359 F.3d 1190, 1193 n.1 (9th Cir. 2004).

As plaintiff's filing confirms, no final judgment has been obtained in this matter. Plaintiff has failed to exhaust his available administrative remedies. Moreover, there are no grounds for construing the administrative remedy requirement as waived. Plaintiff Kevin M. Keay is advised

**ORDER -- 2**

to comply with all applicable administrative appeal remedies, and to consider seeking counsel to assist in the prosecution of any appeals he undertakes.  Accordingly, the court is compelled to dismiss the case with prejudice.  Defendants' Motion to Dismiss [29] is GRANTED.

    IT IS SO ORDERED.

    DATED this  6  day of March, 2009.

                                                  /s/ Ancer L. Haggerty
                                                     Ancer L. Haggerty
                                          United States District Judge

**ORDER -- 3**